**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SAMIR FAWAKA,
A# 024-459-649,**

    **Petitioner,**

vs.                           Case No. 4:18cv126-RH/CAS

**KIRSTJEN NIELSEN, et al.,**

    **Respondents.**
_____/

## REPORT AND RECOMMENDATION

Petitioner, represented by counsel, initiated this case on March 5, 2018, by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The petition seeks release from an alleged indefinite period of detention pursuant to 8 U.S.C. § 1231(a)(3). *Id.*

The petition alleges that Petitioner is "currently detained at the Baker County Jail in MacClenny, Florida . . . ." ECF No. 1 at 2. The petition asserts that venue is proper in this Court because the "Miami Field Officer Director of Immigration and Customs Enforcement ('ICE') or his successor, has his principal place of business within this Court's jurisdiction." *Id.* Petitioner also asserts that venue is appropriate here because "Petitioner is

detained at a facility within the territorial jurisdiction of the Northern District of Florida, Tallahassee Division." *Id.*

Petitioner is incorrect on both assertions concerning venue. None of the named Respondents are located within the jurisdiction of the Tallahassee Division. *See* ECF No. 1 at 2-3. Moreover, Petitioner is detained in Baker County which is within the jurisdiction of the Middle District of Florida, Jacksonville Division.

Generally, the proper respondent in a habeas petition is Petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition. Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The simple and consistently applied rule in alien detainee cases is that the petition should be filed "in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. In this case, Petitioner is not housed within the Northern District of Florida because MacClenny, Florida, is located in Baker County. *See* 28 U.S.C. § 89(b). Therefore, this action should be transferred to the Middle District of Florida where Petitioner is housed for further proceedings on this § 2241 petition.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by Petitioner Samir Fawaka be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 89(a) for all further proceedings as this Court lacks jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on March 16, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.